IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JPMorgan Chase Bank, National Association, successor by merger to Chase Home Finance LLC, s/b/m to Chase Manhattan Mortgage Corporation,<br><br>                  Plaintiff,<br><br>    v.<br><br>Demetric Hayes,<br><br>                  Defendant. | C/A No.: 3:13-cv-0731-JFA<br><br><br><br><br><br>ORDER |

Defendant Demetric Hayes, proceeding *pro se*, removed the above-captioned civil foreclosure action to this court on March 20, 2013. On April 8, 2013, Plaintiff JP Morgan Chase Bank, National Association (JP Morgan) filed a motion to remand this matter to the Court of Common Pleas for Lexington County. *See* ECF No. 8. In general, JP Morgan argues that remand is proper both because this court lacks subject matter jurisdiction over the dispute and because Hayes's Notice of Removal does not comply with the federal statutes governing removal, in particular 28 U.S.C. §§ 1441, 1446. The Magistrate Judge assigned to this action agreed, and she has prepared a Report and Recommendation that the court grant JP Morgan's motion.[1] *See* ECF No. 13. Except as discussed herein, the Report and Recommendation sets forth the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Hayes has filed objections to the Report, *see* ECF No. 17, though this filing merely reasserts the same arguments Hayes made in response to JP Morgan's motion to remand, *see* ECF No. 12-1. Even if this court were to construe Hayes's arguments as "specific written objections" within the meaning of Federal Rule of Procedure 72(b)(2), however, the court finds them unpersuasive. First, Hayes argues that the Magistrate Judge ignored his arguments "regarding the authority of the Veteran's Administration" in finding that federal question jurisdiction did not exist. The court disagrees. The Report states: "The fact that Defendant might be able to raise a defense to the foreclosure action based on a federal statute . . ., as he argues in his response in opposition to Plaintiff's motion to remand [Entry #12], does not provide removal jurisdiction so long as the state court complaint is based on purely state law." ECF No. 13, at 7. Thus, the Magistrate Judge clearly considered Hayes's argument, but she found that it failed as a matter of law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Because it is Hayes's defense to the foreclosure action, and not JP Morgan's complaint, which allegedly raises the federal question, the Magistrate Judge was not required to separately respond to each aspect of Hayes's arguments.

Hayes's second objection relates to the timeliness of his Notice of Removal. In general, under § 1446(b)(1), a defendant must file his notice of removal within 30 days after receiving a copy of the initial pleading setting forth the claim for relief upon which the action to be removed is based. "[I]f the case stated by the initial pleading is not removable," however, under § 1446(b)(3) the defendant may file his notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Hayes argues that the Magistrate Judge ignored

his argument based on the exception in 28 U.S.C. § 1446(c)(1), the current version of which allows a defendant to remove a case more than one year after commencement via subsection (b)(3) where the case is based on diversity jurisdiction and where district court "finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

As an initial matter, it does not appear that Hayes may rely on this exception, which Congress created when it amended § 1446 in The Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See* 125 Stat. 758. This law took effect upon the expiration of the thirty-day period beginning on December 7, 2011, and it applies "to any action or prosecution commenced on or after such effective date." *Id.* § 105(a). Notably, for the purposes of section 105(a), "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." *Id.* § 105(b). Because the state foreclosure action underlying this case was commenced well before the effective date of Congress's amendment to § 1446, the previous version of the statute applies in this case. As noted above, the earlier version of § 1446 does not contain this exception.

Importantly, though, even if the current version of § 1446 applied in this case, subsection (c)(1) is not applicable. Hayes contends that JP Morgan, in failing to involve the Veterans' Administration in the civil foreclosure process, acted in bad faith to prevent him from removing the case. As best this court can tell, Hayes is arguing that, had JP Morgan complied with the Veterans' Administration regulations from the outset, JP Morgan's state court complaint would have been removable because it would have presented a federal question. Importantly, though, the exception in § 1446(c)(1) applies only to cases removed on the basis of diversity jurisdiction.

3

As the Magistrate Judge explained, removal on this basis is not proper in this case at least because Hayes is a citizen of the state in which the underlying action was brought. 28 U.S.C. § 1441(b)(2). For the above reasons, Hayes's objection regarding § 1446(c)(1) is without merit.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds that this case should be remanded to state court. The Report is incorporated herein in its entirety, except as modified above. Accordingly, the court hereby grants JP Morgan's motion to remand, and it is hereby ORDERED that this case be remanded to the Court of Common Pleas for Lexington County, South Carolina.

IT IS SO ORDERED.

June 3, 2013                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

4